# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re:   ELOISA MARIA TAYLOR,                    No. 7-10-15832 JA

     Debtor.

---

MATTHEW E. TAYLOR,

     Plaintiff,

v.                                              Adversary No. 11-1020 J

ELOISA MARIA TAYLOR,

     Defendant.

## MEMORANDUM OPINION

THIS MATTER is before the Court on the Debtor's Motion to Dismiss Matthew E. Taylor's Complaint Objecting to Dischargeability of Debts ("Motion to Dismiss") filed by Defendant Eloisa Maria Taylor. The Court heard oral argument on the Motion to Dismiss on April 7, 2011 and took the matter under advisement. At the final hearing on the Motion to Dismiss, Bonnie B. Gandarilla represented the Plaintiff, Matthew E. Taylor, and Karl F. Kalm represented the Defendant, Eloisa Maria Taylor. Defendant requests dismissal of Plaintiff's Complaint Objecting to Discharge ("Complaint") under Rule 12(b)(6), Fed.R.Bankr.P., made applicable to adversary proceedings by Rule 7012, Fed.R.Bankr.P., for failure to state a claim upon which relief can be granted.

Plaintiff filed this adversary proceeding to seek a determination of non-dischargeability of a debt consisting of an overpayment of spousal support. Plaintiff asserts that the debt is non-dischargeable under one or more of the following non-dischargeability provisions: 1) 11 U.S.C. § 523(a)(2)(A) as a debt procured by false pretenses, a false representation or actual fraud; 2) 11 U.S.C. § 523(a)(5) as a domestic support obligation; or 3) 11 U.S.C. § 523(a)(15) as a debt

that is not a domestic support obligation but otherwise incurred in connection with a divorce decree or other order of a court and owed to a former spouse. After consideration of the Motion to Dismiss in light of the applicable code sections and case law, and being otherwise sufficiently informed, the Court finds that the Complaint fails to state a claim under 11 U.S.C. § 523(a)(2)(A) or 11 U.S.C. § 523(a)(5), but states a claim under 11 U.S.C. § 523(a)(15). The Court will, therefore, grant the Motion to Dismiss in part, and deny the Motion to Dismiss as to Plaintiff's claim under 11 U.S.C. § 523(a)(15).

STANDARD FOR EVALUATING A MOTION TO DISMISS UNDER RULE 12(b)(6)

A motion to dismiss for failure to state a claim is governed by Rule 12(b)(6), Fed.R.Civ.P., made applicable to adversary proceedings by Rule 7012, Fed.R.Bankr.P. The purpose of a motion to dismiss under Rule 12(b)(6), Fed.R.Civ.P. is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir. 1994). In considering a motion to dismiss, the Court must evaluate the facts alleged in the complaint in the light most favorable to the plaintiff. *Moore v. Guthrie,* 438 F.3d 1036, 1039 (10th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), Fed.R.Civ.P., the complaint must contain enough facts to state a cause of action that is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In other words, the plaintiff must "nudge [his] claims across the line from conceivable to plausible." *Id.*

In applying this standard, the trial court should "'look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.'" *Alvarado v. KOB-TV, L.L.C.,* 493 F.3d 1210, 1215,n.2 (10th Cir. 2007)(quoting *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir. 1991)). The Court must not "weigh the potential evidence that the parties

might present at trial" in order to test the sufficiency of the complaint for purposes of Rule 12(b)(6). *Sutton v. Utah State Sch. For the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999)(citation omitted). Nevertheless, to withstand dismissal, the plaintiff must sufficiently allege all facts necessary to support the required elements under the legal theory proposed. *Forest Guardians v. Forsgren,* 478 F.3d 1149, 1160 (10th Cir. 2007).

FACTUAL ALLEGATIONS CONTAINED IN THE COMPLAINT[1]

The Complaint alleges that Plaintiff and Defendant were married in 1988 and later divorced by Final Decree of Divorce entered on September 22, 2005 by the Circuit Court of Fairfax County, Virginia ("State Court"). *See* Complaint ¶¶ 4 and 5. The Final Decree of Divorce obligated Plaintiff to pay Defendant spousal support. *Id.* at ¶ 9. In April of 2009, Plaintiff filed a motion in State Court to terminate spousal support, which the State Court granted. *Id.* at ¶ 10 and ¶ 11. The debt at issue in this adversary proceeding consists of the judgment entered by the State Court against Defendant ("Judgment") in the amount of $40,660.59 representing overpayment of spousal support by Plaintiff to Defendant from May 15, 2009 through August 29, 2010, plus interest at the judgment rate for that period. *Id.* The Judgment also awarded Defendant $10,000.00 in attorneys' fees that Plaintiff seeks the Court to determine is non-dischargeable. *Id.* The Defendant filed a voluntary petition under Chapter 7 of the Bankruptcy Code on November 22, 2010.

DISCUSSION

A. Whether the Complaint states a cause of action under 11 U.S.C. § 523(a)(2)(A)

Plaintiff contends that Defendant knew that she was not entitled to continue to receive spousal support payments and that, therefore, she obtained spousal support from Plaintiff by

---

[1] Additional factual allegations contained in the Complaint are addressed in the Discussion section of this Memorandum Opinion.

false pretenses, a false misrepresentation, or actual fraud within the meaning of 11 U.S.C. § 523(a)(2)(A).[2] *See* Complaint, ¶¶ 14 and 15. To prevail on a non-dischargeability claim based on false pretenses, a false representation or actual fraud, a plaintiff must demonstrate, by a preponderance of the evidence, that: "[t]he debtor made a false representation; the debtor made the representation with the intent to deceive the creditor; the creditor relied on the representation; the creditor's reliance was [justifiable][3]; and the debtor's representation caused the creditor to sustain a loss." *Fowler Bros. v. Young, (In re Young),* 91 F.3d 1367, 1373 (10th Cir. 1996). Plaintiff's Complaint fails to allege facts sufficient to support all of the required elements for non-dischargeability under 11 U.S.C. § 523(a)(2)(A).

Plaintiff alleges that Defendant misrepresented facts relating to her cohabitation in a relationship analogous to marriage. In order to rely on a misrepresentation, Plaintiff necessarily must first be deceived. "[A] person cannot rely on a representation if 'he knows that it is false or its falsity is obvious to him.'" *In re Apte,* 180 B.R. 223, 229 (9th Cir. BAP 1995), *aff'd,* 96 F.3d 1319 (9th Cir. 1996)(quoting *In re Kirsch,* 973 F.2d 1454, 1456 (9th Cir. 1992)(per curiam)(quoting *Restatement (Second) of Torts* §§ 545A. 541 (1977)). Plaintiff filed a motion in the State Court to terminate spousal support in April of 2009 on the ground that Defendant was cohabitating in a relationship analogous to marriage, contrary to the requirements under Virginia law for continued receipt of spousal support. The State Court entered its Judgment for overpayment of spousal support during the period from May 15, 2001 through August 20, 2010.

---

[2] Section 523(a)(2)(A) provides, in relevant part:
    A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt –
        (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –
            (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]
    11 U.S.C. § 523(a)(2)(A).
[3] *Field v. Mans,* 516 U.S. 59, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995) changed the standard of reliance under 11 U.S.C. § 523(a)(2)(A) from "reasonable" to "justifiable."

Because the Judgment awarding Plaintiff overpayment of spousal support is based solely on spousal support payments due *after* Plaintiff filed his motion to terminate, he could not have relied on Defendant's alleged misrepresentation when continuing to make spousal support payments after filing the motion in April of 2009. By April of 2009 Plaintiff already knew or believed that Defendant was not entitled to receive continued spousal support payments. He was not, therefore, deceived by any misrepresentation as to Defendant's right to continue to receive spousal support after April 1, 2009, and could not have made such payments in reliance on any misrepresentation by Plaintiff. Plaintiff argued that his continued payments of spousal support after the filing of the motion to terminate spousal support evidences reliance. The Court disagrees. There simply can be no reliance when the Plaintiff has not been deceived; his belief that Defendant misrepresented whether she was cohabitating contrary to the requirements under Virginia law for continued receipt of spousal support is what prompted Plaintiff to seek termination of his obligation. Similarly, because Plaintiff believed that Defendant was no longer entitled to receive spousal support, Plaintiff's loss was not caused by his reliance on Defendant's alleged deception.[4] Because the allegations in the Complaint, even if accepted as true, fail to state sufficient facts to establish all elements necessary to establish a non-dischargeability claim based on false representations, false pretenses, or actual fraud, the Court will grant Defendant's motion to dismiss Plaintiff's claim under 11 U.S.C. § 523(a)(2)(A).

---

[4] *Cf. Businger v. Storer (In re Storer),* 380 B.R. 223, 232 (Bankr.D.Mont. 2007)(noting that "to prevail under 11 U.S.C. § 523(a)(2)(A), a creditor must establish that a claim sought to be discharged arose from an injury proximately resulting from his or her reliance on a representation that was made with the intent to deceive[ ]" and that, based on the Restatement (Second) of Torts (1976) "proximate cause entails (1) causation in fact, which requires a defendant's misrepresentations to be a 'substantial factor in determining the course of conduct that results in loss . . .'")(quoting Restatement (Second) of Torts (1976) § 546).

5

B.  Whether the Complaint states a claim under 11 U.S.C. § 523(a)(5)

Pursuant to 11 U.S.C. § 523(a)(5), domestic support obligations are not dischargeable in bankruptcy.  "Domestic support obligation" is defined by 11 U.S.C. 101(14A), which provides:

> The term 'domestic support obligation' means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—
> (A) owed to or recoverable by—
>   (i)   a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
>   (ii)  a governmental unit;
> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
> (C) established or subject to establishment before, one, or after the date of the order for relief in a case under this title, by reason of applicable provisions of–
>   (i)   a separation agreement, divorce decree, or property settlement agreement;
>   (ii)  an order of a court of record; or
>   (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
> (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of colleting the debt.

11 U.S.C. § 101(14A).

Subsection (B) is the only requirement at issue here.

Although the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") changed the language in 11 U.S.C. § 523(a)(5) to apply to "domestic support obligations" as defined in 11 U.S.C. § 101(14A), this change "did not change the standard for whether an obligation is in the nature of support."  *Stover v. Phegley (In re Phegley),* 443 B.R. 154, 157 (8th Cir. BAP 2011). [5]  Consequently, it is appropriate to continue to apply the same

---

[5] *See also In re Charlton,* 2008 WL 5539789, *5 (Bankr.D.Kan. Dec.3, 2008)(reasoning that even though the language in the Bankruptcy Code defining "domestic support obligation" is not identical to the language contained

test for determining whether a debt is in the nature of support that was applicable under 11 U.S.C. § 523(a)(5) prior to the enactment of BAPCPA.[6] A debt is in the nature of support and consequently non-dischargeable under 11 U.S.C. § 523(a)(5) only when it is "in substance support." *In re Sampson*, 997 F.2d 717, 723 (10th Cir.1993).[7] This determination is made according to federal bankruptcy law, not state law. *Loper v. Loper (In re Loper)*, 329 B.R. 704, 708 (10th Cir.BAP 2005). The fact that the debt was denominated as spousal support for Defendant in the Final Decree of Divorce does not conclusively establish the character of the debt for purposes of dischargeability.[8] The critical question in determining whether a debt is truly in the nature of support is "'the function served by the obligation at the time of the divorce[,]'" which the Court may determine "by considering the relative financial circumstances of the parties at the time of the divorce." *Sampson,* 997 F.2d at 725-726 (quoting *In re Gianakas*, 917 F.2d 759, 763 (3d Cir.1990).

Plaintiff urges that a debt to recover an overpayment of spousal support constitutes a debt "in the nature of support" because it necessarily retains the character of the original debt from which the repayment obligation arose. This Court disagrees. Whether a debt constitutes a non-

---

in 11 U.S.C. § 523(a)(5) prior to the enactment of BAPCPA, it is "consistent with the 'actual-support' requirement for alimony, maintenance and support debts.").

[6] *Charlton,* 2008 WL 5549789 at *5 (stating that the law interpreting former 11 U.S.C. § 523(a)(5) provides "persuasive guidance" in interpreting "domestic support obligation" as defined in 11 U.S.C. § 101(14A)).

[7] *See also, Phegley,* 443 B.R. at 157 (stating that in determining whether the obligation is truly in the nature of support, and consequently non-dischargeable, "the crucial question is the function the award was intended to serve.")(citations omitted); *Jones v. Jones,* 9 F.3d 878, 880 (10th Cir. 1993)(noting that the "Congressional policy concerning §523(a)(5) 'has always been to ensure that genuine support obligations would not be discharged.'")(quoting *Shine v. Shine,* 802 F.2d 583, 588 (1st Cir. 1986)).

[8] *Cf. Young v. Young (In re Young),* 35 F.3d 499, 500 (10th Cir. 1994)(finding that the determination of the parties' shared intent "is not limited to the words of the settlement agreement, even if unambiguous" and stating that "the bankruptcy court is required to look behind the words and labels of the agreement in resolving this issue.")(citing *Sampson,* 997 F.2d at 722); *In re Busch,* 369 B.R. 614, 622 (10th Cir. 2007)(stating that the Court must "make its own determination of the character of the obligation from the facts at hand, not rely on the denomination of the obligation in the divorce decree.")(citation omitted). *See also Charlton,* 2008 WL 5539789 at * 4 (noting that "while the language of former §523(a)(5)(B) might have been read only to permit the discharge of a debt that had been called 'alimony, maintenance, or support' because it was not actually such a debt, the Tenth Circuit also interpreted the provision to mean that a debt that had not been called 'alimony, maintenance, or support' might be excepted from discharge because it actually was a support debt.")(citations omitted).

dischargeable domestic support obligation requires a determination that the debt is in the nature of support with respect to the party seeking to have the debt excepted from discharge, in this case, the creditor-spouse.

In *Norbut v. Norbut (In re Norbut),* 387 B.R. 199 (Bankr.S.D.Ohio 2008), the bankruptcy court considered whether a judgment that liquidated an overpayment of alimony or spousal support constituted a non-dischargeable debt under 11 U.S.C. § 523(a)(5). In holding that the debt was non-dischargeable, the *Norbut* court considered whether the overpayments were, in fact, support to the creditor-spouse. *Id.* at 208. The *Norbut* court expressly declined to hold that "a debt on account of an overpayment of a support obligation is *per se* support for purposes of 11 U.S.C. § 523(a)(5)." *Id.* at 211. The *Norbut* court was persuaded by evidence that the creditor-spouse at best lived a frugal existence, that his overpayment of alimony came from his share of a pension that was necessary to his subsistence, and that return of the overpayment restored him to the standard of living anticipated for him when the original divorce decree was entered. *Id.* at 208.

This Court agrees that 11 U.S.C. § 523(a)(5) requires consideration of whether an obligation to return the overpayment of spousal support is itself, in substance, in the nature of support for the creditor-spouse entitled to reimbursement, taking into account the relative financial circumstances of the parties at the time of the divorce. This approach balances the policy that exceptions to discharge should be construed narrowly to effectuate the fresh start purpose of bankruptcy with the policy underlying 11 U.S.C. § 523(a)(5) that favors enforcement of familial support obligations.[9]

---

[9] *See Miller v. Gentry (In re Miller),* 55 F.3d 1487, 1489 (10th Cir. 1995)(describing the competing "fresh start" purpose of bankruptcy and the policy underlying § 523(a)(5) that "favors enforcement of familial support obligations over a 'fresh start' for the debtor.")(citation omitted).

This approach finds support in *In re Vanhook,* 426 B.R. 296 (Bankr.N.D.Ill. 2010). In that case the bankruptcy court considered whether an overpayment of child support constituted a "domestic support obligation" for purposes of determining whether the claim was entitled to priority status under 11 U.S.C. § 507(a)(1)(A). The creditor in *Vanhook* had obtained a judgment against the debtor in state court in the amount of $55,000 for wrongfully paid child support. *Id.* at 298. The *Vanhook* court rejected the argument that an award for overpayment of child support necessarily retains the character the debt represented when originally paid, finding that the debt was "merely a money judgment awarded to the Creditor for his wrongful payment of child support to the Debtor." *Id.* at 301. Consequently, the *Vanhook* court concluded that the creditor's claim was not entitled to priority status under 11 U.S.C. § 507(a)(1)(A) because the creditor failed to establish that the debt was truly in the nature of support. *Id.* at 302.

Plaintiff relies upon *Wisconsin Dep't of Workforce Dev. v. Ratliff,* 390 B.R 607, 617 (E.D.Wis. 2008), which found that the claim of Wisconsin Department of Workforce Development ("Department") based on an overpayment of food stamps should be afforded first priority treatment under 11 U.S.C. § 507(a)(1)(B). The *Ratliff* court found that the food stamp overpayment was "in the nature of support" because the food stamps were, in fact, used to support the debtor's children. *Id.* at 615. The overpayment thus met all the requirements for a "domestic support obligation" under 11 U.S.C. §101(14A), including the requirement that the amount is owed to a governmental unit.[10] *Id.* at 616.

*In re Baker,* 294 B.R. 281 (Bankr.N.D.Ohio 2002) also supports Plaintiff's position. In *Baker,* the bankruptcy court determined that the debt represented by overpayments of child support nevertheless retained its character as a child support obligation; consequently, the *Baker* court held that the debt was non-dischargeable under 11 U.S.C. §523(a)(5). *Id.* at 288. In

---

[10] *See* 11 U.S.C. §101(14)(A)(ii)(providing that the debt is "owed to or recoverable by . . . a governmental unit.").

9

reaching this conclusion, the *Baker* court reasoned, in part, that applicable Ohio law provided that an overpayment of child support retains its character as a support obligation, and that because 11 U.S.C. § 523(a)(5) excepts from discharge obligations "for . . . support of such . . . child" a debt for overpayments that were made under an original order for child support is non-dischargeable "whenever there is any legal duty to pay such an obligation." *Id.* at 287 and 288. The *Baker* court also reasoned that because children do not generally have an interest in their parents' property, "an obligation labeled as child support would rarely, if ever, be a division of property" so that there would be no need for the court to consider whether the obligation was truly in the nature of support, as opposed to a dischargeable property division under former 11 U.S.C. § 523(a)(5). *Id.* at 285.

The Court declines to apply the reasoning of *Ratliff* or *Baker* to this case. The *Ratliff* and *Baker* courts determined that debts owed for the overpayment of support necessarily retained their character as support obligations regardless of the financial circumstances of the creditor-spouse at the time of the divorce. Because 11 U.S.C. §523(a)(5) requires that the debt, to be non-dischargeable, must in substance function as support, the Court finds that Plaintiff cannot solely rely on the original character of the debt owed *by* him to his former spouse to state a claim that a debt owed *to* him by his former spouse for overpayment of spousal support is non-dischargeable.

The Complaint filed in this adversary proceeding fails to allege any facts from which a trier of fact could determine that the recovery of the overpayment from Defendant, plus the attorneys' fees awarded in connection with the Judgment, is in the nature of support for the Plaintiff as creditor-spouse. Plaintiff argues that because the average consumer spends a substantial percentage of his or her annual paycheck on food, housing, and transportation, it is

10

"highly probable" that Plaintiff will be able to prove that he needed the funds to make the overpayment to maintain his daily necessities. *See* Plaintiff's Response to Debtor's Motion to Dismiss Complaint Under Fed.R.Civ.P. 12(b)(6) and Fed. R. Bank. P. 7012(b) ("Response"), pp. 4 – 5 (Docket No. 6). However, no such allegations are made in the Complaint, and generalities and national averages are insufficient to establish that the overpayment functions as support for Plaintiff. Absent any factual allegations regarding Plaintiff's financial condition and needs at the time the obligation arose, it is impossible to determine that the Judgment, including the award of attorneys' fees, is in the nature of support. Consequently, Plaintiff has failed to state a plausible cause of action under 11 U.S.C. § 523(a)(5). The Court will, therefore, dismiss Plaintiff's claim of non-dischargeability under that section.

    C.   <u>Whether the Complaint states a claim under 11 U.S.C. § 523(a)(15)</u>

Pursuant to 11 U.S.C. §523(a)(15), debts, other than domestic support obligations, owing to a former spouse that arise out of a divorce proceeding are not dischargeable. That section provides, in relevant part:

> A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—
>
> > (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

11 U.S.C. § 523(a)(15).

The Complaint alleges that the debt at issue representing overpayment of spousal support is a debt owing to a former spouse that was incurred in connection with a separation agreement, divorce decree, or other order of a court. *See* Complaint ¶ 12. Because the Complaint included a request for non-dischargeability under both 11 U.S.C. § 523(a)(5) and § (a)(15), the Court will

11

consider Plaintiff's claim under 11 U.S.C. § 523(a)(15) as an alternative request for relief that necessarily includes an allegation that the debt is not a domestic support obligation. Taking these allegations as true, the Complaint states a claim under 11 U.S.C. § 523(a)(15). The Complaint alleges that 1) Defendant is a former spouse; 2) the debt for reimbursement of an overpayment of spousal support arose in connection with a divorce decree; and 3) the debt is not of a kind found in 11 U.S.C. § 523(a)(5).

Section 523(a)(15) was amended by BAPCPA to make irrelevant the debtor's ability to pay and to eliminate the balancing test that weighs the detriment to the former spouse if the debt is discharged against the benefit to the debtor if the debt is discharged.[11] Even prior to BAPCPA, the non-dischargeability protections afforded by 11 U.S.C. §§ 523(a)(5) and (a)(15) evidence Congress' determination to temper the policy of protecting and favoring the debtor's fresh start when the debt at issue arises in connection with a divorce. *In re Crosswhite,* 148 F.3d 879, 881-882 (7th Cir. 1998)(citing Lawrence P. King, Collier on Bankruptcy ¶¶ 523.05, 523.11[2] (15th ed. rev. 1998)). That policy, which views the payment of family obligations to be of "'paramount societal importance'" was both reinforced and expanded by BAPCPA in

---

[11]*See Burkhalter v. Burkhalter (In re Burkhalter),* 389 B.R. 185, 188 (Bankr.D.Colo. 2008)(acknowledging that after BAPCPA, the two affirmative defenses to 11 U.S.C. § 523(a)(15) no longer apply); *Valentine v. Valentine (In re Valentine),* 2011 WL 830621, *2 (Banrk.D.N.M. March 3, 2011)("After BAPCPA, the balancing test and the debtor's ability to pay were eliminated from 11 U.S.C. § 523(a)(15).")(citations omitted). Pre-BAPCPA, 11 U.S.C. § 523(a)(15) provided, in relevant part:
> A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—
>> not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record a determination made in accordance with State or territorial law by a governmental unit unless—
>>> (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor, and if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or
>>> (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor[.]
> 11 U.S.C. § 523(a)(15)(A) and (B).

12

chapter 7 cases. *In re Johnson,* __ B.R. __ , 2011 WL 1060373, *8-*9 (Bankr.D.Mass. Mar. 21, 2011), *amended in part by* 2011 WL 1467913 (Bankr.D.Mass. Apr. 18, 2011)(quoting *Macy v. Macy (In re Macy),* 200 B.R. 467, 470-71 (Bankr.D.Mass. 1996), *aff'd,* 114 F.3d 1 (1st Cir. 1997)(quoting H.R.Rep. No. 835, 103d Cong., 2nd Sess. 33, reprinted in 1994 U.S.C.C.A.N. 3340, 3342)). "[U]nder BAPCPA, all debts owed to a former spouse, or child of a debtor are nondischargeable [in a chapter 7 case] if incurred in the course of a divorce proceeding, notwithstanding the debtor's ability to pay the debt or the relative benefits and detriments to the parties." *Tarone v. Tarone (In re Tarone),* 434 B.R. 41, 48 (Bankr.E.D.N.Y. 2010).

Defendant argues that Plaintiff's claim fails as a matter of law because the statute was not intended to include the recovery of an overpayment of spousal support by the paying spouse from a dependant spouse as a non-dischargeable obligation; to do so "turns the statute on its head." *See* Memorandum in Support of Debtor's Motion to Dismiss Matthew E. Taylor's Complaint Objecting to Dischargeability of Debts ("Defendant's Brief"), p. 6 (Docket No. 4). This Court disagrees.

Defendant relies upon *Neavear v. Schweiker (In re Neavear),* 674 F.2d 1201 (7th Cir. 1982) to illustrate his argument that Plaintiff should not be allowed to recover under 11 U.S.C. § 523(a)(15) when he is not the statute's intended beneficiary. In *Neavear,* the Seventh Circuit considered whether a debt owed to the Social Security Administration ("SSA") for overpayment of Social Security benefits was exempt from operation of the Bankruptcy Code by operation of section 207 of the Social Security Act, 42 U.S.C. §407 (1976)[12] regardless of whether the debt falls within one of the enumerated exceptions to discharge found in 11 U.S.C. § 523(a). *Neavear,* 674 F.2d at 1205. In rejecting the SSA's argument that section 207 provides the SSA

---

[12] Section 207 of the Social Security Act provided that a person's right to future payment under Social Security Act is not transferable, or assignable, and is not "subject to execution, levy, attachment . . . or to the operation of any bankruptcy or insolvency law." 42 U.S.C. § 407 (1976).

13

with an exemption from the operation of the bankruptcy laws to the discharge of the debt, the *Neavear* court reasoned that the SSA's interpretation of section 207 "would transform a provision designed to protect social security recipients from creditors into a provision conferring super-creditor status on the SSA." *Id.* at 1206.

Here, the claim for recovery of the overpayment is by the debtor's former spouse. A debtor's former spouse *is* one of the parties the statute expressly intends to protect. *See* 11 U.S.C. § 523(a)(15)("to a spouse, former spouse, or child of the debtor . . ."). Allowing a former spouse to assert a non-dischargeability claim for a debt that arose in connection with a divorce decree or other order of a court does not run contrary to the plain language and intended purpose of 11 U.S.C. § 523(a)(15). Defendant's construction of the statute requires the Court to read the word "dependent" into the statute, such that a debt is non-dischargeable under 11 U.S.C. § 523(a)(15) only when the former creditor-spouse is also a dependent spouse. The plain language of 11 U.S.C. § 523(a)(15) is not so limited. Further, BAPCPA's amendment of 11 U.S.C. § 523(a)(15) eliminated from consideration the debtor's ability to pay and the hardship on the former creditor-spouse arising from a discharge of the debt.[13] Thus, for purposes of evaluating the sufficiency of Plaintiff's Complaint, the Court cannot find, as a matter of law, that Plaintiff's Complaint fails to state a claim of non-dischargeability under 11 U.S.C. § 523(a)(15).

---

[13] *Cf. Ginzl v. Ginzl (In re Ginzl),* 430 B.R. 702, 707 (Bankr.M.D. Fla. 2010)(stating that "BAPCPA removed the balancing test from Section 523(a)(15) and made the distinction between domestic support obligations and other obligations arising from a divorce immaterial in a dischargeability analysis" and finding that the debtor's obligations under a marital settlement agreement were nondischargeable "pursuant to the plain and unambiguous language of 11 U.S.C. § 523(a)(15) as enacted by BAPCPA.")(citing 4 Collier on Bankruptcy, ¶ 523.23, at 523-124 (16th ed. 2009)); *Sears v. Sears (In re Sears),* 2008 WL 111231, *3 (Bankr.N.D.Ohio Jan. 8, 2008)(stating that "[t]he plain language of the statute [§523(a)(15)] provides that all such debts owed to a former spouse that are not support obligations are nondischargeable."); *Damschroeder v. Williams (In re Williams),* 398 B.R. 464, 468 (Bankr.N.D.Ohio 2008)(observing that BAPCPA "entirely eliminated these affirmative defenses [under former § 523(a)(15)], thus making any debt falling with[in] the scope of § 523(a)(15) absolutely nondischargeable.").

14

Based on the foregoing, the Court will grant, in part, and deny, in part, Defendant's Motion to Dismiss. The Court will enter an order consistent with this Memorandum Opinion.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: May 5, 2011

COPY TO:

Bonnie B. Gandarilla
Koo Im S. Tong
Attorneys for Plaintiff
PO Box 7459
Albuquerque, NM 87194

Karl F. Kalm
Attorney for Defendant-Debtor
8605 Avenales Ave. NE
Albuquerque, NM 87111