# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re:   ELOISA MARIA TAYLOR,                         No. 7-10-15832 JA

    Debtor.

MATTHEW E. TAYLOR,

    Plaintiff,

v.                                                    Adversary No. 11-1020 J

ELOISA MARIA TAYLOR,

    Defendant.

## MEMORANDUM OPINION

THIS MATTER is before the Court on cross motions for summary judgment.[1] At issue is whether a judgment for overpayment of spousal support awarded to Plaintiff, Matthew Taylor, is non-dischargeable under 11 U.S.C. § 523(a)(15). This Court previously dismissed Plaintiff's claim under 11 U.S.C. § 523(a)(5), finding that the alleged facts did not state a plausible cause of action that the debt at issue constitutes a domestic support obligation that is truly in the nature of support.[2]

In support of her motion for summary judgment, Defendant asserts that the debt at issue did not arise in connection with a divorce decree but, instead, was awarded by the state court as an exercise of judicial discretion, was not contemplated by or agreed to by the parties at the time of the divorce, and is not the type of debt Congress intended to be excepted from discharge under

---

[1] Plaintiff's Motion for Summary Judgment and Memorandum of Law ("Plaintiff's Motion for Summary Judgment") was filed July 11, 2011. *See* Docket No. 13. Defendant's Motion for Summary Judgment was filed August 1, 2011. *See* Docket No. 15. Defendant filed a response to Plaintiff's Motion for Summary Judgment (Docket No. 14), and Plaintiff filed a reply (Docket No. 19). Plaintiff filed a response to Defendant's Motion for Summary Judgment (Docket No. 20) and Defendant filed a reply (Docket No. 21).

[2] *See* Memorandum Opinion (Docket No. 9) and Order Granting, in Part, and Denying, in Part Debtor's Motion to Dismiss Matthew E. Taylor's Complaint Objecting to Dischargeability of Debts (Docket No. 10).

11 U.S.C. § 523(a)(15). Plaintiff counters that the debt at issue is owed to a former spouse, is not a domestic support obligation, and arose in connection with the parties' divorce proceedings.

After considering the motions, supporting documents, responses, and replies, and being otherwise sufficiently informed, the Court finds that the plain language of 11 U.S.C. § 523(a)(15) is broad enough to encompass the debt at issue here. The Court will, therefore, grant Plaintiff's Motion for Summary Judgment.

## SUMMARY JUDGMENT STANDARDS

Summary judgment is governed by Federal Rule of Civil Procedure 56(c), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. The Court will grant a motion for summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Cross motions for summary judgment raise an inference that summary judgment may be appropriate.[3] Even when there are cross motions for summary judgment, the Court must satisfy itself that a party's motion independently satisfies the requirements for summary judgment before granting summary judgment.[4] The party seeking summary judgment bears the burden of demonstrating that there are no genuine issues of material fact and that the party is entitled to judgment as a matter of law.[5] The Court must

---

[3] *Crossingham Trust v. Baines (In re Baines),* 337 B.R. 392, 396 (Bankr.D.N.M. 2006)(citations omitted); *Cabrera v. Larranaga (In re Larranaga),* 2010 WL 3521732, *1 (Bankr. D.N.M. 2010)(acknowledging that "cross-motions for summary judgment suggest that there are no genuine issues of material fact . . .")(citations omitted).
[4] *Harris v. Beneficial Oklahoma, Inc. (In re Harris),* 209 B.R. 990, 998 (10th Cir. BAP 1997)(citing *Renfro v. City of Emporia*, 948 F.2d 1529, 1534 (10th Cir. 1991)). *See also Sec. and Exch. Comm'n v. Am. Commodity Exch., Inc.,* 546 F.2d 1361, 1365-1366 (10th Cir. 1976)(acknowledging that while cross-motions for summary judgment raise the inference that summary judgment is appropriate, it "does not result in any waiver of judicial determination of whether a material issue of fact exists on either side of the case.")(citation omitted).
[5] *See* Fed.R.Civ.P. 56(c).

2

independently evaluate each motion for summary judgment in the light most favorable to the non-moving party.[6]

## FACTS NOT SUBJECT TO GENUINE DISPUTE

The following facts are not subject to genuine dispute:[7]

1. Plaintiff and Defendant were married on May 21, 1988 in Albuquerque, New Mexico.

2. Plaintiff and Defendant were divorced in 2005 by a Final Decree of Divorce (the "Divorce Decree" or "Decree") entered by the Fairfax County Circuit Court (the "dissolution court").

3. Under the terms of the Divorce Decree, Plaintiff was obligated to pay Defendant spousal support in the amount of $2,500 per month beginning August 1, 2005 for ten years, unless the Defendant remarried or either party died. The Divorce Decree further provided that the spousal support obligation was governed by Section 20-109 of the 1950 Code of Virginia. The dissolution court retained jurisdiction to modify the spousal support obligation pursuant to that statute.

4. Plaintiff paid Defendant spousal support of $2,500 per month from August 1, 2005 through August 20, 2010.

---

[6] *Wolf v. Prudential Ins. Co. of America,* 50 F.3d 793, 796 (10th Cir. 1995)("'When applying this standard, we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'")(quoting *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir. 1990)); *Henderson v. Inter–Chem Coal Co.*, *Inc.,* 41 F.3d 567, 569 (10th Cir.1994)(stating that the court must "view all facts and any reasonable inferences that might be drawn from them in the light most favorable to the nonmoving party . . .")(citation omitted).

[7] Plaintiff and Defendant each agreed to the other party's statement of undisputed facts, with the exception of Defendant's fact number 9) stating that the judgment was ordered in judicial discretion to reimburse Plaintiff based on the retroactive termination of the spousal support. Whether the judgment was issued as a result of judicial discretion is not material to the Court's determination that the debt at issue is non-dischargeable under 11 U.S.C. § 523(a)(15).

5. On April 21, 2009, Plaintiff filed a Motion to Terminate Spousal Support ("Motion") in the dissolution court pursuant to Section 20-109 of the 1950 Code of Virginia on the ground that Ms. Taylor had been habitually cohabiting with a person in a relationship akin to marriage for more than one year. The Plaintiff continued to pay spousal support until the dissolution court ruled on the motion.

6. The dissolution court granted the Motion, pursuant to Section 20-109 of the 1950 Code of Virginia, terminated child support retroactive to the date the Motion was filed, and entered judgment in favor of Plaintiff and against Defendant in the amount of $40,660.59 for overpayment of spousal support from May 15, 2009 through and including August 20, 2010, plus interest at the judgment rate for that time period ("Judgment").

7. The dissolution court also awarded Plaintiff attorneys' fees in the amount of $10,000.00 in connection with the Judgment.

8. At the time the Judgment was entered Plaintiff was not entitled to spousal support under Virginia law.

9. The Divorce Decree to which the parties stipulated did not expressly provide for reimbursement of overpayment of spousal support.

10. The Marital Settlement Agreement between the parties provides that in the event a party incurs legal fees for the successful enforcement of any of the provisions of the Marital Settlement Agreement, the other party will be responsible for, and will pay, any and all legal fees and expenses incurred.

## DISCUSSION

Plaintiff asserts that the judgment for overpayment of spousal support is non-dischargeable under 11 U.S.C. § 523(a)(15) as a debt, other than a domestic support obligation,

4

owing to a former spouse in connection with a divorce decree. Section 523(a)(15) provides, in relevant part:

> A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—
>
>> (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.
>
> 11 U.S.C. § 523(a)(15).

The parties do not dispute the fact that the debt is owing to a former spouse, and that the debt is not a domestic support obligation as described under 11 U.S.C. § 523(a)(5). The only question left is whether the debt was incurred by the Debtor "in connection with a separation agreement, divorce decree, or other order of a court of record." 11 U.S.C. § 523(a)(15). "The proper factors to be considered in determining the dischargeability of a marital debt under § 523(a)(15) is a question of law." *Colvin v. Raffeld (In re Raffeld),* 356 B.R. 786, *1 (6th Cir. BAP 2006)(unpublished).[8]

### A. *The statutory language is not ambiguous*

Defendant asserts that the language of 11 U.S.C. § 523(a)(15) is ambiguous as applied to overpayment of spousal support obligations. When construing a statute, the Court must begin its analysis with the language of the statute itself to determine whether that language is plain.[9] If the language is plain, the analysis generally ends,[10] as the Court is bound to enforce a statute in

---

[8] *See also, In re Short,* 232 F.3d 1018, 1022 (9th Cir. 2000)(stating that whether the debtor's obligation was incurred in the course of a divorce or separation is a legal question).
[9] *See In re Galyon,* 366 B.R. 164, 168 (Bankr.W.D.Okla. 2007)(stating that the interpretation of a statutory provision "'must begin with the language of the statute itself.'")(quoting *T.H. Orlando, Ltd.,* 391 F.3d 1287, 1291 (11th Cir. 2004)).
[10] *See Starzynski v. Sequoia Forest Indus.,* 72 F.3d 816, 820 (10th Cir. 1995)("If the [statutory] language is clear and unambiguous, judicial inquiry is at an end in all but the most extraordinary circumstances.").

5

accordance with the plain meaning of its terms.[11]  It is appropriate for the Court to look beyond the language of the statute only if: "(1) a literal application of the statutory language would be at odds with the manifest intent of the legislature; (2) a literal application of the statutory language would produce an absurd result; or (3) the statutory language is ambiguous."[12]

Here, the Judgment requiring the Defendant to return her former spouse's overpayment of spousal support to her created a debt of the Defendant incurred in connection with the Divorce Decree pursuant to an order of a court of record in the divorce proceeding.  Consequently that debt is non-dischargeable by application of the plain meaning of 11 U.S.C. § 523(a)(15), which provides that a debt to a former spouse "incurred by the debtor … in connection with a … divorce decree or other court of record" is non-dischargeable.  In the Divorce Decree, the dissolution court retained jurisdiction, pursuant to Section 20-109 of the 1950 Code of Virginia, to modify the spousal support awarded in the Divorce Decree.  Later, the dissolution court retroactively terminated the spousal support awarded in the Decree pursuant to that statute, and awarded a judgment against Defendant to return the amount of his overpayment of spousal support awarded by the Decree.  The debt created by that judgment arose in connection with the Divorce Decree.

Defendant asserts that application of this plain language to the facts of this case is manifestly at odds with Congressional policy.  Defendant maintains that Congress's intent in enacting 11 U.S.C. § 523(a)(15) was to protect dependent spouses and children from the

---

[11]*See United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989)(when the Court determines that the statutory "language is plain, 'the sole function of the courts is to enforce it according to its terms.'")(quoting *Caminetti v. United States,* 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917)).

[12]*In re Wilbur,* 344 B.R. 650, 653 (Bankr.D.Utah 2006)(citation omitted).  *See also, In re Beautyco, Inc.,* 307 B.R. 225, 229 (Bankr.N.D.Okla.2004)("Court should only consider alternative interpretations when the literal application of the statute would produce an absurd or unreasonable result, or if the literal application of the statute is demonstrably at odds with the intentions of the statute's drafters.")(citing *Holy Trinity Church v. United States,* 143 U.S. 457, 460, 12 S.Ct. 511, 36 L.Ed. 226 (1892), *United States v. Am. Trucking Ass'n,* 310 U.S. 534, 543, 60 S.Ct. 1059, 84 L.Ed. 1345 (1940), and *Ron Pair,* 489 U.S. at 242, 109 S.Ct. 1026).

6

discharge of non-traditional forms of alimony and support.[13] Because Plaintiff is not a *dependent* spouse, Defendant reasons that allowing Plaintiff to obtain a non-dischargeable judgment for the debt runs contrary to the intent and purpose of the statute. This Court disagrees.

As this Court previously noted, the non-dischargeability protections afforded by 11 U.S.C. §§ 523(a)(5) and (a)(15) evidence Congress' determination to temper the policy of protecting and favoring the debtor's fresh start when the debt at issue arises in connection with a divorce.[14] Consequently, exceptions to discharge under 11 U.S.C. § 523(a)(15) are construed more liberally than other non-dischargeability provisions of § 523.[15] The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") "was meant to expand the universe of divorce related debts excepted from discharge under 11 U.S.C. § 523(a)(5) and 11 U.S.C. § 523(a)(15)."[16] Section 523(a)(15) provides that a debt incurred is to a former spouse in connection with a divorce decree is non-dischargeable. Application of this language to the facts of this case does not produce an absurd result or a result that is manifestly at odds with Congressional policy that views payment of family obligations to be of "paramount societal importance."[17] Congress amended 11 U.S.C. § 523(a)(15) to make irrelevant the debtor's ability

---

[13] *See Gilman v. Golio (In re Golio),* 393 B.R. 56, 61 (Bankr.E.D.N.Y. 2008)(stating that "[t]he enactment of subsection 523(a)(15) and the increase in the scope of the discharge exception effected by the 2005 amendments, expresses Congress's recognition that the economic protection of dependent spouses and children under state law is no longer accomplished solely through the traditional mechanism of support and alimony payments.").
[14] *In re Crosswhite,* 148 F.3d 879, 881-882 (7th Cir. 1998)(citing 4 Lawrence P. King, Collier on Bankruptcy ¶¶ 523.05, 523.11[2] (15th ed. rev. 1998)). *See also, The Law Offices of Miriam G. Altman, P.C. v. Johnson (In re Johnson),* 445 B.R. 50, (Bankr.D.Mass. 2011), *amended in part by* 2011 WL 1467913 (Bankr.D.Mass. Apr. 18, 2011)(noting that both the Courts and Congress have protected former spouses to whom alimony, maintenance and support is owed, and that this policy is "embedded in Section 523(a)(5).")(quoting *Macy v. Macy (In re Macy),* 200 B.R. 467, 470-71 (Bankr.D.Mass. 1996), *aff'd,* 114 F.3d 1 (1st Cir. 1997)).
[15] *Cf. Crosswhite,* 148 F.3d at 881-882 (stating that the exception to discharge under § 523(a)(5) for alimony, maintenance and support, "is construed more liberally than other § 523 exceptions.").
[16] *Morris v. Allen (In re Morris),* 454 B.R. 660, 662 (Bankr.N.D.Tex. 2011)(citations omitted).
[17] *See Macy v.Macy,* 200 B.R. 467, 471 (D.Mass. 1996), *aff'd,* 114 F.3d 1 (1st Cir. 1997)(noting that "Congress considered the payment of family obligations to be of 'paramount societal importance,' and used the Bankruptcy

7

to pay and to eliminate the balancing test that measures the detriment to the former spouse if the debt is discharged against the benefit to the debtor if the debt is discharged.[18] Thus, under 11 U.S.C. § 523(a)(15), as amended, it is irrelevant whether Plaintiff is, in fact, a dependent spouse in need of support. "[A]ll debts owed to a former spouse, or child of a debtor are non-dischargeable [in a chapter 7 case] if incurred in the course of a divorce proceeding, notwithstanding the debtor's ability to pay the debt or the relative benefits and detriments to the parties."[19]

B. *The debt arose in connection with a divorce decree and order of a court of record*

Defendant observes that the Divorce Decree does not contain a provision regarding reimbursement of overpayment of spousal support, nor does it expressly reference Section 20-110 of the 1950 Virginia Code, the section which provides for restitution for overpayment of spousal support. Consequently, Defendant asserts that the debt did not arise from the Divorce Decree.[20] The fact that the Divorce Decree does not expressly address reimbursement for overpayment of spousal support and does not reference the Virginia statute that provides for restitution does not take the debt outside the operation of 11 U.S.C. § 523(a)(15).

The debt that gave rise to the Judgment was spousal support that Plaintiff was obligated to pay Defendant under the terms of the Divorce Decree. But for Plaintiff's payment of spousal support during a time that Defendant was not entitled to receive it, the debt at issue here would

---

Reform Act to expand the alimony, support and maintenance exception to the general bankruptcy practice of discharging debt so that debtors may have a 'fresh start.'")(citation omitted).

[18]*See Burckhalter v. Burckhalter (In re Bucrkhalter),* 389 B.R. 185, 188 (Bankr.D.Colo. 2008)(acknowledging that after the enactment of BAPCPA, the two affirmative defenses to 11 U.S.C. § 523(a)(15) no longer apply); *Valentine v. Valentine (In re Valentine),* 2011 WL 830621, *2 (Banrk.D.N.M. March 3, 2011)("After BAPCPA, the balancing test and the debtor's ability to pay were eliminated from 11 U.S.C. § 523(a)(15).")(citations omitted).

[19]*Tarone v. Tarone (In re Tarone),*434 B.R. 41, 48 (Bankr.E.D.N.Y. 2010).

[20]Defendant points out that the Marital Settlement Agreement ("MSA") between the parties did not expressly address overpayment of spousal support. That fact is not surprising since the MSA dated June 29, 2005 expressly reserved the determination of spousal support and child support for a later date. *See* Marital Settlement Agreement, ¶¶ 6 and 8 - Exhibit 4 attached to Plaintiff's Motion for Summary Judgment. (Docket No. 13). The MSA reserved the jurisdiction of the state court to hear and determine issues of child support and spousal support. *Id.*

8

not have arisen.  In addition, the Judgment was issued by the same court that entered the divorce decree.  The plain language of 11 U.S.C. § 523(a)(15) "indicates that it applies when the parties entered into an agreement regarding a marital debt or where the dissolution court orders one of the parties to pay a marital debt."  *Beale v. Kurtz,* 381 B.R. 727, 732 (S.D.Ind. 2008)(agreeing with the bankruptcy court's decision in *Boyd-Smith v. Brock (In re Brock),* 227 B.R. 813, 814 (Bankr.S.D.Ind. 1997)).[21]  Overpayment of spousal support may not automatically retain its original character for purposes of 11 U.S.C. § 523(a)(5),[22] but it clearly constitutes a marital debt.  Plaintiff returned to the dissolution court to terminate the spousal support awarded previously.  He obtained a Judgment against Defendant in the amount of $40,660.59 plus attorneys' fees in the amount of $10,000 and interest on the Judgment.  The attorneys' fees awarded to Plaintiff in the Judgment constitute part of the divorce-related debt; consequently the attorneys' fees are also excepted from discharge under 11 U.S.C. § 523(a)(15).[23]  Whether the state court judge exercised judicial discretion in issuing the Judgment is irrelevant to the determination of non-dischargeability; the dissolution court issued an order that directed Defendant to pay a marital debt for overpayment of spousal support.  The Court, therefore, finds

---

[21] *Cf. Monastra v. Monastra (In re Monastra),* 2010 WL 3937354 (Bankr.E.D.Pa. 2010)(finding that debt arising from several orders issued by the divorce court awarding party attorneys' fees in connection with an emergency petition for injunctive and special relief, and orders holding debtor in contempt of the court's prior orders were non-dischargeable under 11 U.S.C. § 523(a)(15))

[22] *Compare  Allen Co. Child Support Enforcement Agency v. Baker (In re Baker),* 294 B.R. 281 (Bankr.N.D.Ohio 2002)(finding that debt for overpayment of child support retained its character as support) *with Taylor v. Taylor,* 455 B.R. 799 (Bankr.D.N.M. 2011)(declining to find hat debts for overpayment of support necessarily retain their character as support obligations).

[23] *See Dennison v. Hammond (In re Hammond),* 236 B.R. 751, 769 (Bankr.D.Utah 1998)(concluding that the attorneys' fees awarded by the divorce court to the former spouse in connection with an order to show cause proceeding and for a subsequent appeal constituted "part of  the pre-petition debt owed to [the former spouse] that was incurred by the Debtor 'in connection with . . . a divorce decree or other order of a court of record' that is nondischargeable pursuant to § 523(a)(15).").  *See also, Davis v. Davis (In re Davis),* 2003 WL 21730521, *3 (Bankr.M.D.N.C. 2003)(finding that "[t]he obligation of the defendant to pay plaintiff's attorney fees under the state court order likewise is an obligation of the type required under § 523(a)(15) even though the order does not require that the payment be made directly to the plaintiff.")(citations omitted).

that the Judgment arose "in connection with a separation agreement, divorce decree or other order of a court of record" and is non-dischargeable under 11 U.S.C. § 523(a)(15).

Based on the foregoing, the Court will grant Plaintiff's Motion for Summary Judgment. An order and judgment consistent with this Memorandum Opinion will be entered.

　　　　　　　　　　　　　　　　　　　／s／ Robert H. Jacobvitz
　　　　　　　　　　　　　　　　　　　ROBERT H. JACOBVITZ
　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge

Date entered on docket:   November 2, 2011

COPY TO:

Bonnie B. Gandarilla
Attorney for Plaintiff
PO Box 7459
Albuquerque, NM 87194

Karl F. Kalm
Attorney for Defendant
8604 Avenales Ave. NE
Albuquerque, NM 87111